☑ FILED ____ LODGED
____ RECEIVED ____ COPY

FEB 2 6 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____Z DEPUTY

RACHEL C. HERNANDEZ
Acting United States Attorney
District of Arizona
MEGAN KELLY
Virginia State Bar No. 98254
STUART J. ZANDER
California State Bar No. 276724
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Megan.Kelly@usdoj.gov
Email: Staurt.Zander@usdoj.gov
Attorneys for Plaintiff

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>            vs.<br><br>Edwin Santiago Marquez Flores,<br><br>                    Defendant. | No.   CR-25-00304-PHX-DLR (ESW)<br><br>**I N D I C T M E N T**<br><br>VIO:   8 U.S.C. §§ 1324(a)(1)(A)(v)(I),<br>(a)(1)(A)(ii), (a)(1)(B)(i)<br>(Conspiracy to Transport Illegal<br>Aliens for Profit)<br>Count 1<br><br>18 U.S.C. §§ 922(g)(5) and<br>924(a)(8)<br>(Possession of a Firearm by an<br>Alien Unlawfully Present in the<br>United States)<br>Count 2<br><br>18 U.S.C. §§ 924(d) and 981;<br>21 U.S.C. §§ 853 and 881; and<br>28 U.S.C. § 2461(c)<br>(Forfeiture Allegation) |

**THE GRAND JURY CHARGES:**

## BACKGROUND

At times relevant to this Indictment:

1.    Snapchat is a mobile instant messaging application developed by Snap Inc. (originally Snapchat Inc.), which provides users a way to share photos, videos, geo-locations, and chats.

2.    Snapchat is used for creating multimedia messages referred to as "Snaps." "Snaps" are photos or videos that may be shared directly with other users, or in a "Story" or "Chat." A "Story" is a collection of Snaps displayed in chronological order, while the "Chat" feature allows a user to type messages and send Snaps, audio notes, and video notes to other users within the Snapchat application. A post may be saved by the user and posted on a later date, which is referred to as a "Memory."

3.    One of the principal features of Snapchat is that pictures and messages are usually only available for a short time (24 hours unless removed earlier by the user) before they become inaccessible to their recipients. Generally, absent changes to user settings, once the content is sent and opened by the recipient, the content will be deleted from the user's device after a certain amount of time, unless the receiver opts to save the content. For instance, Snapchat users are able to save photos and videos to their device or to "Memories," Snapchat's cloud-storage service. A user can also save part of a Chat by tapping on the message they want to keep.

4.    Users can manage their privacy settings so that their Story can be viewed by all Snapchat users, their friends, or a custom audience. A user can also submit their Snaps to Snapchat's "Our Story" service, which enables their Snaps to be viewed by all Snapchat users in Search and the general location of the user shown on the Snap Map.

5.    Human smuggling organizations operate to unlawfully smuggle individuals into the United States from other countries, including Mexico. These aliens being smuggled are not United States citizens and have not received the prior official authorization from the United States government to come to, enter, or reside in the United

States. The aliens being smuggled, or their families, have typically paid or promised to pay money, or provide other things of value, in exchange for being smuggled into the United States.

6. Human smuggling organizations commonly utilize coordinators to recruit persons to transport aliens unlawfully within the United States. The Snapchat application, in conjunction with other means, has been utilized by persons associated with such human smuggling organizations to coordinate, carry out, and attempt to carry out, these activities. This includes users of Snapchat utilizing Story posts to recruit others to join in or carry out human smuggling activities, such as by recruiting persons to pick up and transport individuals who have been unlawfully smuggled into the United States and by identifying locations where such smuggled individuals should be picked up or dropped off within the United States.

## COUNT ONE

The factual allegations in the preceding paragraphs are realleged and incorporated as though full set forth herein.

Beginning on an unknown date and continuing through on or about January 27, 2025, in the District of Arizona and elsewhere, defendant, EDWIN SANTIAGO MARQUEZ FLORES, did knowingly and willfully combine, conspire, confederate, and agree with persons known and unknown to the grand jury to transport and move within the United States, and attempt to do the same, aliens who had come to, entered, and remained in the United States in violation of law, by means of transportation and otherwise, and in furtherance of such violation of law, for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i).

/ / /

## COUNT TWO

On or about January 23, 2025, in the District of Arizona, Defendant EDWIN SANTIAGO MARQUEZ FLORES, knowing he was an alien illegally and unlawfully in the United States, did knowingly possess a firearm, to wit:

(1) A Century Arms, AK.47, 7.62 caliber, rifle, Serial Number: SV7158322

(2) A Century Arms, AK.47, 7.62 caliber, rifle, Serial Number : SV7158836

which had previously been shipped or transported in interstate or foreign commerce.

All in violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(8).

## FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Count 2 of this Indictment, which is incorporated by reference as though fully set forth herein.

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c), and upon conviction of the offense(s) alleged in Count 2 of this Indictment, defendant shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of the offense, and (b) any of defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property defendant is liable, including, but not limited to, the following property involved and used in the offense:

(1) A Century Arms, AK.47, 7.62 caliber, rifle, Serial Number: SV7158322

(2) A Century Arms, AK.47, 7.62 caliber, rifle, Serial Number : SV7158836

If any of the above-described forfeitable property, as a result of any act or omission of defendant:

(1) cannot be located upon the exercise of due diligence,

(2) has been transferred or sold to, or deposited with, a third party,

(3) has been placed beyond the jurisdiction of the court,

(4) has been substantially diminished in value, or

(5) has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with Title 18, United States Code, Sections 981 and 982, Title 21, United States Code, Sections 853 and 881, Title 28, United States Code Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON OF THE GRAND JURY
Date: February 26, 2025

RACHEL C. HERNANDEZ
Acting United States Attorney
District of Arizona

/s/
MEGAN KELLY
STUART J. ZANDER
Assistant U.S. Attorneys