MICHAEL NEUFELD
The Neufeld Law Firm PLC
2600 N 44th Street, Suite 107
Phoenix AZ 85008
(520)245-8027
(602) 685-1113(fax)
MICHAEL NEUFELD #025650
Mneufeldjd@gmail.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| United States of America, | Case No.: CR-25-304-PHX-DLR |
|---|---|
| Plaintiff, | **DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT** |
| v. | |
| Edwin Santiago Marquez Flores | |
| Defendant | |

The defendant and the federal government entered into a plea agreement July 11th 2025 with several stipulations that both parties agreed were fair and beneficial to both sides, the expected range was discussed between the parties prior to entering into the plea.

**"c) Plea Agreement Procedure.**

**(1) In General.** An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:

**(A)** not bring, or will move to dismiss, other charges;

**(B)** recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request does not bind the court); or

**(C)** agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)."Fed. R. Crim. P. 11

**OBJECTION TO  AGGRAVATING ROLE PAGE 11 PARAGRPAH 43**

"§3B1.1. AGGRAVATING ROLE

Based on the defendant's role in the offense, increase the offense level as follows:

(a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by **4** levels.

(b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by **3** levels.

(c) If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in subsection (a) or (b), increase by **2** levels."

The parties stipulated to a 2 level increase which is appropriate due to the minor amount of supervision the defendant did within the conspiracy and the loose unorganized nature of the conspiracy which has less then 5 members at any one time. The presentence report writer disagreed with this stipulation. We also have a factual dispute with some of what she wrote.

We factually dispute with the portion of paragraph  43 on page 12 that says the "He also collected money from the stash house and paid the drivers he recruited." This is factually incorrect and not present in the discovery. My client never handled any money or paid anyone nor visited stash houses (there are several Hispanic names mentioned in the reports and this could be a simple mistake on the presentence writers part).

The decedent's main role was making posts on social media looking for drivers and then providing the information to the superior who would provide them coordinates/instructions and pay them. This was not a highly organized scenario nor specifically one organization. Multiple people who were not necessarily connected would ask him to make posts. For the first year his role was limited to that, later he would also be coerced into providing the coordinates/instructions to drivers in chats but not paying anyone or handling any money.   He has fully admitted to and takes responsibility to everything that was in the factual basis, this conduct about payments and stash houses was not present in it nor is it true or correct.

"Although the Confrontation Clause does not apply at sentencing, a defendant clearly has a due process right not to be sentenced on the basis of materially incorrect information." United States v. Petty, 992 F.2d 1015 (9th Cir. 1993). "Due process requires that some minimal indicia of reliability accompany a hearsay statement." Id.

We do stand by our stipulation for a 2 level increase as he did recruit he was technically did some supervision but the organization was not "Otherwise extensive" and there were any one time: one person needing a driver and the driver who was doing it making an organization of 3 at a time with typically 2 long term members. Most of the drivers did this one time and there was no ongoing collaboration or conspiracy with them. Thus a 2 level increase is appropriate given the loose unorganized nature of what occurred. Additionally he was only making around $100 per person transported while the drivers and the person who needed the drivers were making $1000.00 or more, he was making the least of anyone involved.

**Alleged Co-Conspirator Conduct Page 11  Paragraph 41 U.S.S.G. 2L1.1(b)(6)**

U.S.S.G. 2L1.1(b)(6) states in part **"(6)** If the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person, increase by 2 levels, but if the resulting offense level is less than level 18, increase to level 18."

In her report Ms. White recommended a 2 level increase for an alleged co-conspirator creating a substantial risk of death or serious bodily injury to another person.

"Flores recruited Castor to pick up and transport illegal aliens. On March 6, 2023, while fleeing from law enforcement, Castro accelerated at a high rate of speed, drove off the road, and went through multiple barbed wire fences. He did so while five illegal aliens were lying in the bed of his truck. Castro's conduct created a substantial risk of death or serious bodily injury. Such conduct was within the scope of the jointly untaken criminal activity, he fled from law enforcement in furtherance of the criminal activity, and it was reasonable and foreseeable to Flores that someone he recruited to transport 10

illegal aliens may place them in a truck bed and flee from law enforcement. Therefore, two levels are added." page 11  Paragraph 41

The details of this incident were not disclosed prior to the plea and in fact the perpetrators name is not mentioned in the discovery received prior to the plea in the defendant's case. There was a brief mention of the incident in search warrants (without the perpetrators name) but without sufficient detail as to be aware of these allegations. Counsel would note that the defendant in that case received only probation and the government with full knowledge of the conspiracy allowed it to continued to monitor it for over another almost 2 years without taking action. In the reports provided there is no direct measurement of speed observed in the later provided discovery so it is impossible to state that Mr. Castro created a substantial risk of serious bodily injury or death, in truth no one was actually injured even slightly so the idea that his actions created a substantial risk of serious injury is speculative at best.

It should be noted while one report notes rapid acceleration, this does not necessarily mean a high rate of speed (which counsel does not see mentioned in the reports he was disclosed despite that phrasing being in the presentence report)  one can rapidly accelerate from 5 to 25 miles per hour for example. Given the lack of detail we find there is not sufficient evidence to apply U.S.S.G. 2L1.1 (b)(6).  We object to this 2 level increase as there is a not a preponderance of the evidence that the risk of serious bodily injury or death was substantial. If the government knew in March 2023 that the conspiracy was placing people in risk of serious injury or death wouldn't they have stopped it? Wouldn't the perpetrator been given more then probation? To add 2 levels when the person who committed the act got no additional time is a ridicules result..

**Plea guideline range** . **Page 12 (Paragraphs 45), (49), Page 18, Paragraph 90**

As a result of the above the plea guideline range is objected to. As a result of the reports previously mentioned conclusions the PSR overstates the guideline range by 3 levels changing the adjusted offense level from 25 to 28 and the total offense level from 22 (Which the parties expected) to 25. We object to this increase for the reasons stated above.  These changes change the range in paragraph 90 from what they should be at 41-51 month to 57 to 71 months. This is an almost 40% increase over what was expected by the parties.

We ask you leave the stipulations of the parties in place and that you do not find aggravation under U.S.S.G. 2L1.1(b)(6) and find the applicable guideline range to be 41-51 months.

Counsel spoke Assistant U.S. Attorney with Stuart James Zander, about his objections Mr. Zander relayed that the government wishes for the role stipulation to remain, the other aspects were not discussed.

RESPECTFULLY SUBMITTED this October 24, 2025.


__/S__ *Michael Neufeld*_____
Michael Neufeld
Attorney For Edwin Santiago Marquez Flores


I hereby certify on October 24, 2025, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

The Honorable Douglas L Reyes

United States District Judge


Stuart James Zander
Assistant U.S. Attorney